# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN
*************

| | |
|---|---|
| **BLUEWATER CONSTRUCTION, INC.,** ) | |
| ) | CASE NO. ST-2020-CV-00212 |
| Plaintiff, ) | |
| ) | ACTION FOR FORECLOSURE |
| -vs- ) | OF CONSTRUCTION LIEN |
| ) | |
| **GARY HILL and WANDA HILL,** ) | |
| ) | |
| Defendants. ) | |
| **GARY HILL and WANDA HILL,** ) | ACTION FOR BREACH OF |
| ) | CONTRACT, BREACH OF IMPLIED |
| Counterclaim Plaintiffs, ) | WARRANTY OF GOOD WORKMAN- |
| ) | SHIP, NEGLIGENCE, CONVERSION, |
| -vs- ) | CIVIL CONSPIRACY, RESTITUTION |
| ) | AND DECLARATORY JUDGMENT |
| **BLUEWATER CONSTRUCTION, INC., TONY** ) | |
| **COFFELT, and SPRINGBOARD, LLC,** ) | JURY TRIAL DEMANDED |
| ) | |
| Counterclaim Defendants. ) | |

Cite as 2023 VI Super 6U

## <u>MEMORANDUM OPINION AND ORDER</u>

¶1    **THIS MATTER** is before the Court on:

1.    Plaintiff/Counterclaim Defendant Bluewater Construction, Inc.'s Motion To Dismiss the Second Amended Counterclaim of Gary Hill and Wanda Hill, filed November 2, 2022;

2.    Springboard, LLC's Notice of Joinder in Bluewater Construction, Inc.'s Motion to Dismiss, filed November 3, 2022;

3.    Tony Coffelt's Notice Of Joinder In Bluewater Construction, Inc.'s Motion to Dismiss filed November 7, 2022; and

4.    Defendants/Counterclaim Plaintiffs Gary Hill and Wanda Hill's Counterclaimants' Response in Opposition to Plaintiff's Motion to Dismiss Second Amended Counterclaim, filed December 3, 2022.

*Bluewater Construction, Inc. v. Gary Hill and Wanda Hill*
Case No. ST-2020-CV-00212
Memorandum Opinion and Order
Page 2 of 9

2023 VI Super 6U

¶2     The Court will not dismiss the claims in the Hill's Second Amended Counterclaim for failure to join a party as the alleged absent party is neither a required party necessary for complete relief to be granted, and it is neither necessary to protect an interest of the absent party nor is there a substantial risk of a party incurring an inconsistent obligation.

## I.     INTRODUCTION

¶3     On May 22, 2020, Bluewater Construction, Inc. ("Bluewater") initiated suit against Gary and Wanda Hill ("the Hills") to foreclose on a construction lien. On August 14, 2020, the Hills filed an Answer, Affirmative Defenses, and Counterclaim. On May 3, 2021, the Hills filed a First Amended Counterclaim against Bluewater and Tony Coffelt ("Coffelt") and Springboard, LLC ("Springboard"). On August 1, 2022, the Hills again moved to amend their counterclaims.[2] The Hills' counterclaims concern windows that Bluewater installed in their home and scaffolding the Hills purchased for construction of their home which Bluewater purportedly utilized at other sites.

¶4     The Second Amended Counterclaim of Gary and Wanda Hill ("Counterclaim") contains nine (9) counts. In eight (8) of the counts they allege against Bluewater and/or Coffelt in this case: (1) Breach of Contract against Bluewater;[3] (2) Breach of Implied Warranty of Good Workmanship against Bluewater;[4] (3) Negligence against Bluewater;[5] (4) Conversion against Bluewater and Coffelt;[6] (5) Breach of Contract, or in the alternative, Negligence against Coffelt;[7] (6) Civil Conspiracy against Bluewater and Coffelt;[8] (7) Unjust Enrichment against Bluewater and Coffelt;[9] and (8) Declaratory Judgment against Bluewater.[10]

### 1.  Parties' Arguments

¶5     Bluewater moves to dismiss the Second Amended Counterclaim pursuant to Virgin Islands Rule of Civil Procedure 12(b)(7) for failure to join an indispensable party.[11] Alternatively, Bluewater requests that Counterclaim Plaintiffs be required to join the relevant party.[12] Bluewater argues that the standard that should be used is the standard for the Federal Rules of Civil Procedure as articulated by Judge Carty in *Francis v. Carmen V. Ruan Living Trust*.[13] Bluewater argues that

---

[2] The Court ruled on this motion in 2022 VI Super 87U and admitted the Second Amended Counterclaim.

[3] Countercl. Pls.' Second Am. Countercl. 6-8.

[4] Countercl. Pls.' Second Am. Countercl. 8-9.

[5] Countercl. Pls.' Second Am. Countercl. 9-11.

[6] Countercl. Pls.' Second Am. Countercl. 13-14.

[7] Countercl. Pls.' Second Am. Countercl. 14-17.

[8] Countercl. Pls.' Second Am. Countercl. 17-18.

[9] Countercl. Pls.' Second Am. Countercl. 18-19.

[10] Countercl. Pls.' Second Am. Countercl. 19.

[11] Pl.'s Mot. 1.

[12] Bluewater states that "this court should order: 1. That Plaintiff be required to join the WJHIT to the present suit." Pl.'s Mot. 11. However, Bluewater is the Plaintiff in this case. The Court infers that this is an error, and Bluewater meant "Counterclaim Plaintiff."

[13] No. ST-2015-CV-00177, 2016 V.I. LEXIS 160, at *1 (V.I. Super. Ct. Oct. 5, 2016). Pl.'s Mot. 2-3.

*Bluewater Construction, Inc. v. Gary Hill and Wanda Hill*
Case No. ST-2020-CV-00212
Memorandum Opinion and Order
Page 3 of 9

2023 VI Super 6U

the Court should review the following factors and determine if the suit can proceed "in equity and good conscience" without the other party:

> (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties,
> (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided,
> (3) whether a judgment rendered in the person's absence will be adequate, and
> (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.[14]

¶6      Bluewater states that these factors are not exhaustive, that if an indispensable party cannot be joined, the action must be dismissed, and that Bluewater bears the burden of providing evidence of the interest possessed by the absent party.[15] Citing to *Cornwall v. Virgin Islands Indus. Maint. Corp.*,[16] Bluewater notes that attaching matters outside the pleadings only converts Rule 12(b)(6) and Rule 12(c) motions to motions for summary judgment.[17]

¶7      Bluewater states that the Hills erroneously allege that they own Parcels 4-51 and 4-52 Botany Bay, No. 7 West End Quarter, St. Thomas.[18] Bluewater states that at an August 29, 2022 deposition, Gary Hill revealed for the first time that the Hills sold the home to the Whitney Jordan Hill Irrevocable Trust ("WJHIT") in July 2020, after having been served in this matter in May of 2020.[19] Further, Gary Hill stated it was sold for "a little over two million" dollars, the fair market value, with no deduction on the sale price for the monies being sought by the Hills.[20] Bluewater additionally states that by selling the parcels without any setoff or deduction, any claims the Hills have for damages from alleged construction deficiencies have either been satisfied by the sale or have been transferred to WJHIT.[21] Bluewater cites to *Litwin v. Timbercrest Ests., Inc.*[22] for the proposition that the sale of the house without any setoff or deduction extinguished any claim for damages.[23]

¶8      Bluewater contends that WJHIT is the proper parties with respect to counterclaim Counts 1, 2, 3, and 4, and not the Hills.[24] Bluewater contends that WJHIT is a necessary party, as the Hills sold the property to WJHIT for the fair market value with no deduction and, thus, the Hills have suffered no damages and cannot maintain Counts 1-4 against Bluewater and others.[25] Bluewater

---

[14] Pl.'s Mot. 3 (citing V.I. R. Civ. P. 19(b)).
[15] Pl.'s Mot. 4.
[16] 2019 VI Super 117.
[17] Pl.'s Mot. 4.
[18] Pl.'s Mot. 5.
[19] Pl.'s Mot. 5. A copy of the relevant portions of the deposition of Gary Hill was attached.
[20] Pl.'s Mot. 5.
[21] Pl.'s Mot. 5.
[22] 347 N.E.2d 378 (Ill. App. Ct. 1976).
[23] Pl.'s Mot. 5-6.
[24] Pl.'s Mot. 6.
[25] Pl.'s Mot. 7-8.

maintains that the Hills, therefore, must look to WJHIT for complete relief for their claims.[25] Bluewater further argues that WJHIT is a necessary party since it needs to represent its own interests in the current suit.[26] Bluewater is asserting a construction lien, which may subject the property WJHIT owns to a forced sale.[27] Additionally, Bluewater notes that if judgment is entered against the Hills, the Hills and WJHIT may be able to assert claims for indemnity and/or contribution against each other.[28] Thus, Bluewater asserts, WJHIT is a necessary party as its interests will be put at a risk of loss if it is not joined.[29]

¶9　　Bluewater additionally argues that WJHIT is an indispensable party.[30] First, Bluewater argues that judgment rendered in WJHIT's absence would be prejudicial to the counterclaim defendants as they should not be held liable for actions with no connection to the counterclaim plaintiffs, and it would be prejudicial to WJHIT as it would not be able to adequately represent its interests against legal accusations.[31] Second, Bluewater notes there is no way to lessen the prejudice felt by the parties because there is no way for the Court to craft a judgment that would make someone other than WJHIT the owner of the parcels.[32] Third, Bluewater asserts a judgment without WJHIT would not be adequate as this case necessarily involves the property WJHIT now owns for which the Hills have already received fair compensation.[33] Lastly, Bluewater asserts that the Hills could still pursue and have an adequate remedy for Counts 5-9 even if Counts 1-4 are dismissed.[34]

¶10　　The Hills oppose Bluewater's Motion. The Hills state that Bluewater "misapprehends the nature of the Hills' conveyance of the Property to the Trust, which was established for the benefit of their daughter."[35] Further, the Hills state that Bluewater "ignores the possessory interest that the Hills still have in the Property as tenants at-will, which allows them to pursue their claims against Bluewater without the Trust's involvement."[36] Lastly, the Hills argue that Bluewater "fails to make a threshhold [sic] showing that the Trust is a necessary party under Rule 19(a), let alone an indispensable one under Rule 19(b)."[37]

¶11　　The Hills state that on August 3, 2022, they quitclaimed their interest in the property to WJHIT for $1.00.[38] The Hills further assert that the home was appraised for $2,260,000.00, the appraisal recognizes the property is still under construction and windows need replacement, and

---

[25] Pl.'s Mot. 7-8.
[26] Pl.'s Mot. 8.
[27] Pl.'s Mot. 8 n. 10.
[28] Pl.'s Mot. 8.
[29] Pl.'s Mot. 8.
[30] Pl.'s Mot. 8-9.
[31] Pl.'s Mot. 9.
[32] Pl.'s Mot. 10.
[33] Pl.'s Mot. 10.
[34] Pl.'s Mot. 11.
[35] Def.'s Opp'n 2.
[36] Def.'s Opp'n 2.
[37] Def.'s Opp'n 2.
[38] Def.'s Opp'n 2.

*Bluewater Construction, Inc. v. Gary Hill and Wanda Hill*
Case No. ST-2020-CV-00212
Memorandum Opinion and Order
Page 5 of 9

2023 VI Super 6U

that the transfer to the Trust was an *inter vivos* transfer.[39] The Hills aver it is the understanding of WJHIT that they will live in the property after construction.[40]

¶12 The Hills argue that the transfer was not an arms-length sale but an intra-family transfer and, rather than vacating the property, the Hills retained a possessory interest as tenants-at-will.[41] The Hills state, therefore, that "any claims that [they] have concerning Bluewater's deficient window installation work remain with them."[42] Further, the Hills argue, the defective installation of the windows was factored into the fair market value of the property when they made their transfer.[43] Therefore, the Hills contend that they were not made whole by the transfer of the home because it included the defective installation of the windows.[44]

¶13 Additionally, the Hills maintain that Bluewater has not supported its claim that complete relief cannot be afforded between the parties unless WJHIT is joined.[45] The Hills argue that the conveyance to WJHIT does not make it a necessary party because the Property was purportedly conveyed at an appraisal rate acknowledging the defective windows and, furthermore, "the Hills have an indisputable interest in ensuring that the windows in the house that they will inhabit do not leak."[46] The Hills also contend that Bluewater does not factually support how WJHIT's interests will be impaired or impeded if it is not included in this matter.[47]

¶14 The Hills argue as well that Bluewater has not supported its claim that WJHIT must be joined so that Bluewater does not face a substantial risk of incurring multiple or inconsistent obligations because of WJHIT's interest in the property.[48] The Hills assert that because WJHIT is not a required party, they need not show that WJHIT is an indispensable party.[49] The Hills contend that even if WJHIT were found to be a required party, it can always be joined to the suit.[50] Lastly, the Hills declare that even if WJHIT must abide by the result of the action, "the Trust 'will not be regarded as a Rule 19(b) party required to be joined in a suit to determine obligations' that arose under Bluewater's wholly separate construction agreements."[51]

---

[39] Def.'s Opp'n 3.
[40] Def.'s Opp'n 3.
[41] Def.'s Opp'n 5.
[42] Def.'s Opp'n 5.
[43] Def.'s Opp'n 6.
[44] Def.'s Opp'n 6.
[45] Def.'s Opp'n 6.
[46] Def.'s Opp'n 7.
[47] Def.'s Opp'n 7.
[48] Def.'s Opp'n 8.
[49] Def.'s Opp'n 8.
[50] Def.'s Opp'n 9.
[51] Def.'s Opp'n 9.

***Bluewater Construction, Inc. v. Gary Hill and Wanda Hill***
Case No. ST-2020-CV-00212
Memorandum Opinion and Order
Page 6 of 9

2023 VI Super 6U

## II.    LEGAL STANDARD

### A. Party Joinder

¶15    Virgin Islands Rule of Civil Procedure 12(b)(7) states: "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: failure to join a party under Rule 19."[53] Virgin Islands Rule of Civil Procedure 13(h) specifies that: "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim."[54] Rule 19 lays out the rules for when joinder of a party is required and states in pertinent part:

> (1) ***Required Party.*** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.[55]

¶16    In *Arvidson v. Buchar*,[56] this Court stated that "[t]he determination of whether a party must be joined to a lawsuit under Rule 19 hinges on whether one of three tests outlined in Rule 19 (a)(1)(A), (a)(1)(B)(i), or (a)(1)(B)(ii) can be met. Only one of the three tests must be fulfilled for a party to be deemed required." This Court then further elaborated on the test to determine whether a party is required:

> First, Rule 19 (a)(1)(A) directs the Court to determine whether the absent party is so situated with regard to the claims asserted that it must be joined in order for complete relief to be accorded to the complainant. Under this prong, the Court assesses the relationship between the existing parties and the existing claims. If complete relief—as requested in the prayer for relief—can be accorded without the absent party, then the absent party is not deemed a required party. Rule 19 (a)(1)(B)(i) directs the Court to determine whether the failure to join the absent party "impairs or impedes" the party's ability to protect its interest at play in the lawsuit. Under this prong, the Court assesses the relationship between the

---

[53] V.I. R. Civ. P. 12(b)(7).
[54] V.I. R. Civ. P. 13(h).
[55] V.I. R. Civ. P. 19(a)(1).
[56] No. ST-2016-CV-00410, 2018 V.I. LEXIS 149, at *1 (V.I. Super. Ct. June 6, 2018).

present parties and the absent party. If the present parties can represent the absent party's interest—specifically, its legal interest—adequately, then the absent party is not deemed a required party. Rule 19 (a)(1)(B)(ii) directs the Court to determine whether the failure to join the absent party would open the present parties to a "substantial risk" of inconsistent obligations. Under this prong, the Court "balance[s] the plaintiff's choice of forum against the policies of judicial economy and fairness to other parties."[57]

### B. Construction Lien

**¶17**    "Construction lien statutes, called mechanic's lien statutes in some jurisdictions, seek to balance two important competing interests: 1) securing payment to contractors and subcontractors who provide materials and/or services to improve an owner's property; and 2) protecting property owners from abusive lien practices and the risk of double payment."[58] Chapter 12 of Title 28 of the Virgin Islands Code governs construction liens. Section 272(d) states:

> Whenever on the sale of the property subject to any liens provided for in this chapter, under a judgment of foreclosure of such lien, there is a deficiency of proceeds, judgment for the deficiency may be entered against any party personally liable therefor in like manner and with like effect as in an action for the foreclosure of a mortgage.[59]

### III.    ANALYSIS

**¶18**    Bluewater is suing the Hills for foreclosure of a construction lien and requests that the Hills pay Bluewater the amounts due as reflected in the lien, as well as compensatory damages, incidental damages, statutory interest, attorney's fees and costs, and any other relief the Court deems appropriate.[60] The Hills have transferred the property to a trust. The Property is still subject to the lien after the transfer. The Trust, WJHIT, was purportedly established for the benefit of the Hills' daughter and the Hills intend to use and occupy the Property during their lives. Counsel for the Hills states that the defective windows were factored into the appraisal and that the Property was transferred for only $1.00, and counsel has attached the appraisal documents and Quitclaim Deed as exhibits.[61]

**¶19**    However, the Court notes that in the August 30, 2022 deposition attached as an exhibit, when Gary Hill was asked "the house was—the property was sold to the Trust for a little over two million? Did I understand that correctly from yesterday?" Gary Hill stated under oath "yes."[62] Further, when asked "[s]o, there was no deduction in the sale's price for the monies that you are

---

[57] *Id.* at *43 (citing *The Sindia Expedition, Inc. v. Wreck and Abandoned Vessel, known as "The Sindia,"* 895 F.2d 116, 122 (3d Cir. 1990).

[58] *H.I. Constr., LLC v. Bay Isles Assocs., LLLP*, 53 V.I. 206, 214 (V.I. Super. Ct. 2010).

[59] 28 V.I.C. § 272(d).

[60] Pl.'s Compl. 2-3.

[61] Def.'s Opp'n Ex. 1-2.

[62] Pl.'s Mot. Ex. 2 (Aug. 30, 2022 Dep. of Gary Hill 7:19-24).

seeking in this lawsuit for the windows and for the scaffolding?" Gary Hill stated "no."[62] Additionally, in his August 29, 2022 Deposition, Gary Hill, when asked if he is a member of WJHIT, stated "no," and when asked what relationship, if any, he has with the trust, Gary Hill stated "I have no relationship with the Trust."[63] This contradicts the representations and documents provided by counsel and, indeed, the very name of the Trust itself, which indicate that the ownership of the Property was transferred for a nominal fee to the Trust established by the Hills for the benefit of them and their family.

¶20    Under the first prong of the Rule 19 analysis, the Court determines whether complete relief can be granted between the existing parties and claims. The lien filed with the Office of the Lieutenant Governor indicates an outstanding balance of $53,280.00 remains unpaid by the Hills.[64] The Property remains subject to the lien. The lien places a cloud on the title, hindering its marketability on the open market and granting Bluewater a right to force a sale of the property to satisfy the amount due. That the Property was transferred from the Hills' individually to a trust the Hills themselves set up does not bear on Bluewater's ability to gain complete relief in its claim.[65] Nor is it necessary that WJHIT be joined to protect its interest. WJHIT is not a third-party individual, but an instrument created by the Hills for the Hills' purposes, i.e. the transfer to their daughter of the home they built and live in. Under these circumstances, the Hills are able to protect WJHIT's interest in not having the property be subject to a forced sale, as this would defeat the very purpose of the Trust in addition to depriving them of their interest in having a home to live in. Nor does a failure to join WJHIT open any of the parties up to inconsistent obligations. Thus, WJHIT is not a required party as to Bluewater's claim against the Hills and, therefore, WJHIT need not be joined, or the matter dismissed.

¶21    As for the Hills' counterclaims against Bluewater, Count I alleges Breach of Contract (against Bluewater), Count II alleges Breach of Implied Warranty of Good Workmanship, Count III alleges Negligence, and Count IV alleges Breach of Contract (against Springboard).[66] While Bluewater alleges the Hills cannot maintain these claims because they sold the property without a deduction or discount for the faulty windows, there is also evidence to the contrary that the allegedly defective window installation was included in the appraisal value and that the property was actually sold for a nominal fee. The counts were properly and sufficiently laid out in the Second Amended Counterlcaim so as to give the opposing parties notice of the claims against them and dismissal of those counts at this stage would be improper. Lastly, the Court notes, this case has not moved beyond the complaint stage. This jurisdiction has a preference that matters be settled on their merits,[67] and the request to dismiss these claims because the Hills have not proven they

---

[62] Pl.'s Mot. Ex. 2 (Aug. 30, 2022 Dep. of Gary Hill 8:4-8).

[63] Pl.'s Mot. Ex. 1 (Aug. 30, 2022 Dep. of Gary Hill 12:10-16).

[64] Pl.'s Compl. Ex. A.

[65] *See Pierce v. 741Hugs902 Trust*, No. 3:21-cv-197, 2022 U.S. Dist. LEXIS 175163, at *7 (W.D. Pa. Sept. 27, 2022) ("Completeness is determined on the basis of those persons who are already parties, and not as between a party and the absent person whose joinder is sought. The court must determine whether the prevailing party would receive "hollow relief" were the absent party not joined to the pending action.") (citing *Team Angry Filmworks, Inc. v. Geer*, No. 15-1381, 2017 U.S. Dist. LEXIS 41808, at *13 (W.D. Pa. Mar. 23, 2017)).

[66] Countercl. Pls.' Second Am. Countercl. 6-13.

[67] *Adams v. North West Co., Inc.*, 63 V.I. 427, 446 (V.I. Super. Ct. 2015) ("[I]t is the preference of this Court, in accordance with precedent from the Supreme Court of the Virgin Islands, that cases be resolved on their merits.").

*Bluewater Construction, Inc. v. Gary Hill and Wanda Hill*
Case No. ST-2020-CV-00212
Memorandum Opinion and Order
Page 9 of 9

2023 VI Super 6U

were damaged would be more properly made in a motion for summary judgment, and not a procedural joinder motion.

## IV.    CONCLUSION

¶26    On May 22, 2020, Bluewater initiated a suit against the Hills to foreclose on a construction lien. On August 1, 2022, the Hills filed their Motion For Leave To Amend First Amended Counterclaim, which the Court ruled on in 2022 VI Super 87U. The Hills' Second Amended Counterclaim contained nine (9) counts, eight (8) of which are alleged against Bluewater and/or Coffelt. During discovery, Bluewater learned that ownership of the property had been transferred to a trust established by the Hills, WJHIT, to hold the house for their daughter while they spent the remainder of their lives living in it. On November 2, 2022, Bluewater moved that various counterclaims and charges be dismissed or the Trust added as a necessary and required party. Counterclaim Defendants Springboard, LLC and Tony Coffelt joined in this Motion on November 3 and November 7, 2022, respectively. The Hills opposed this Motion on December 3, 2022.

¶27    While Bluewater asserts some charges should be dismissed as the Hills were allegedly not damaged because the property was transferred, the exhibits filed by both sides indicate some dispute as to this, and such arguments would be better addressed in a motion for summary judgment where they can be fully argued and proven or disproven than in a procedural joinder motion. Further, Bluewater has not been able to show that WJHIT is a necessary and indispensable party, as complete relief can be afforded by the current parties, the Hills are able to represent the interest of WJHIT, and there is not a substantial risk of inconsistent obligations. Accordingly, it is hereby

**ORDERED** that Plaintiff/Counterclaim Defendant Bluewater Construction, Inc.'s Motion To Dismiss the Second Amended Counterclaim of Gary Hill and Wanda Hill, filed November 2, 2022, is **DENIED**; and it is further

**ORDERED** that a copy of this Memorandum Opinion and Order shall be directed to counsel of record.

**DATED:** March 16, 2023

**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

**ATTEST:**

**TAMARA CHARLES**
Clerk of the Court

BY: _____
**LATOYA CAMACHO**
Court Clerk Supervisor  03/16/2023